Estate of Cora Russel Fitts, Deceased, J. Russel Fitts and Frank E. Tyler, Co-executors v. Commissioner.
Estate of Fitts v. Commissioner
Docket No. 51191.
United States Tax Court
T.C. Memo 1955-269; 1955 Tax Ct. Memo LEXIS 64; 14 T.C.M. (CCH) 1065; T.C.M. (RIA) 55269; September 30, 1955
*64 Estate tax. - Fair market value of shares of stock in closely held corporation determined. Frank E. Tyler, Esq., and Henry W. Logan, Esq., for the petitioner. Urban C. Bergbauer, Esq., and Claude R. Sanders, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in estate tax of $36,325.05. The only question for decision is the value of shares of stock of the Fitts Dry Goods Company, Kansas City, Missouri, 263-11/12 shares of which were owned by the decedent at the time of her death on February 10, 1949. Findings of Fact. Some of the facts have been stipulated, are so found, and the stipulation is included herein by reference. Cora Russel Fitts died on February 10, 1949. J. Russel Fitts and Frank E. Tyler are the co-executors of her estate. The estate tax return was filed with the collector of internal revenue for the sixth district of Missouri. An election has been made to have the estate valued as at the date of death. The Fitts Dry Goods Company has been in the wholesale dry goods business in the Kansas City trade area for approximately 50 years. Jesse Fitts, husband of the decedent, *65 and father of J. Russel Fitts, became financially interested in the company and joined its organization in 1906. Since 1929 the Fitts family has been in substantial control of the Fitts Dry Goods Company. J. Russel Fitts, president of the company, is its principal managing officer. Insurance on his life payable to the company is carried in the amount of $100,000. Otto Beltz, secretary-treasurer of the Fitts company, who had been with the company 40 years, died about 2 years ago, over 3 1/2 years after the date of decedent's death. Don Drinkard, vice president and general manager of the Fitts company, who had been with the company about 15 years, resigned in March of 1952, about 3 years after the date of decedent's death. Two sons-in-law of Fitts are actively engaged in the business in executive capacities. One son-in-law, C. R. Harrison, presently executive vice president of the company, is 37 years of age and has been employed continuously by the company since the fall of 1945. The company has a capable management. The Fitts company was, at the basic date, a closely-held, family-owned corporation. Its capital consisted of 1,510 shares of common stock of a par value of $100 per *66 share. No preferred stock was outstanding. As at the basic date the 1,510 shares of stock were held as follows: Fred J. Bartel
18
shares
Gertrude M. Bartel
17
shares
O. Beltz
20
shares
A. Octavia Chanute
45
shares
Elizabeth C.
45
shares
Chanute
Emily C. Chanute
30
shares
R. D. Ferguson
25
shares
Jemima W. Linn
100
shares
Flora Linn Miller
25
shares
A. O. Myers
24
shares
Nora Nelson Myers
26
shares
Emma Linn Webster
25
shares
Harold E. Webster
50
shares
Roland E. Coate
7- 6/12
shares
Myra Silberberg
7- 6/12
shares
Esther Corvey
7- 6/12
shares
Cora Russel Fitts *
263-11/12
shares
J. Russel Fitts *
403-11/12
shares
Marie C. Fitts *
13- 3/12
shares
Virginia H. Fitts *
356- 5-12
shares
The 263-11/12 shares of stock owned by decedent at her death was not a controlling block of the stock of the Fitts Dry Goods Company. The dividends, and the dividends per share, paid by the Fitts Dry Goods Company were as follows for the six-year period ending December 31, 1950: Dividends
Paid
Year
Dividends Paid
Per Share
1945
$22,650.00
$15.00
1946
22,650.00
15.00
1947
22,650.00
15.00
1948
22,650.00
15.00
1949
22,650.00
15.00
1950
9,060.00
6.00
*67 The book value of the Fitts Dry Goods Company and the book value per share of the company's stock, after giving effect to reconciliations of surplus of the company and reconciliation of income per books with income per return of the company for the years 1944 through 1951, reflecting adjustments made by revenue agent's reports, which adjustments were agreed to, is as follows for the ten-year period ending December 31, 1953: Book Value
Year
Book Value
per Share
1944
$ 760,403.89
$503.58
1945
791,632.47
524.26
1946
1,030,002.71
682.12
1947
1,052,639.77
697.11
1948
1,101,757.15
729.64
1949
1,034,812.74
685.31
1950
1,200,775.87
795.22
1951
1,088,360.99
720.77
1952 *
913,517.00
604.98
1953 *
878,987.00
582.11
The net income before taxes, the tax, the net income after taxes, and the net income per share of the Fitts Dry Goods Company, after giving effect to adjustments contained in revenue agent's reports, which adjustments were agreed to, for the six-year period ending December 31, 1950 were as follows: Net Income
Net Income
Net Income
Year
Before Taxes
Tax
After Taxes
Per Share
1945
$227,751.00
$161,622.00
$ 66,129.00
$ 43.79
1946
422,881.00
160,690.00
262,191.00
173.64
1947
107,463.00
40,836.00
66,627.00
44.12
1948
119,842.00
45,540.00
74,302.00
49.21
1949
(93,218.00)
(37,442.00)
(55,776.00)
(36.91)
1950
145,602.00
56,403.00
89,199.00
59.07
*68 For the years involved herein over 93 per cent of the accounts receivable of the Fitts company was paid within less than 90 days; less than 7 per cent of the accounts receivable was paid over three months from date of invoice. Over a long period of years the Fitts family has loaned money to the company on the theory that that was the best use they could make of their money and felt that the loans were a good investment. As reflected in the records of Dun and Bradstreet, Inc., the Fitts company has the highest credit rating available to a corporation in its size bracket. The only sales of stock in the Fitts Dry Goods Company were as follows: Number of
Price per
Shares
Share
Feb. 9, 1942
25
$125
Dec. 14, 1942
25
125
Sept. 27, 1943
15
$125
Sept. 17, 1945
25
125
Feb. 14, 1946
7 1/2
115
Feb. 10, 1954
90
128
Feb. 27, 1955
25
110
These sales were made to members of the Fitts family or relatives. The sales in 1942 and 1954 were made through a broker. On the estate tax return the stock in question was valued at $150 per share. In determining the deficiency the Commissioner valued the stock at $600 per share. The fair market value of *69 the stock in Fitts Dry Goods Company owned by decedent at the time of her death was $375 per share. Opinion TIETJENS, Judge.. That the issue before us is one of fact, to be decided after a consideration of all the pertinent evidence and an application thereto of the judgment and experience of the trier of the facts, needs the citation of no authority. As disclosed by the findings of fact, a value of $150 per share was placed on the stock of the Fitts Dry Goods Company owned by the decedent at the time of her death in the estate tax return. The Commissioner, on the other hand, determined the stock had a fair market value of $600 per share. The facts which have been stipulated contain a factual history of the company, its earnings, dividends, financial condition, book value of the shares and other evidence, all of which has some bearing on the question of value of the stock. At the hearing, petitioner presented a number of witnesses who expressed their opinions as to the fair market value of the stock. These witnesses gave opinions of value varying from $150 per share upwards to $225. Their experience on questions of valuation need little comment. One witness had some interest *70 in the determination of the question; two others were connected with brokerage and investment firms; and one was a certified public accountant. All had some qualification in expressing his opinion as to the value of the stock. Otherwise it is sufficient to say that we have not ignored their testimony in reaching our conclusion herein. Each case involving questions as to the value of the stock in a closely held corporation must rest on its own facts. Based on all pertinent factors shown by the stipulated facts and the oral testimony including the history of the corporation, its management, its dividends and earnings, the book value of its shares, the prices of stock in corporations characterized by the witnesses as "comparable" to the corporation here involved, the size of the block of stock involved, and the fact that the stock of the Fitts Dry Goods Company was closely held and there were few sales that can be taken as an accurate criterion of its value, we have applied our best judgment and find that the stock had a fair market value, on the critical date, of $375 per share. Decision will be entered under Rule 50. Footnotes
*. Fitts family holdings, 1,037 1/2 shares.↩
*. No adjustments have been made to years of 1952 and 1953 by revenue agent's reports.↩